# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-682V
Filed: February 4, 2014

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GREG McCANTS, | * | **UNPUBLISHED** |
| | * | |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Dismissal Motion; |
| AND HUMAN SERVICES, | * | Insufficient Proof of Causation; |
| | * | Vaccine Act Entitlement; Hepatitis |
| Respondent. | * | B Vaccine; Erythema Multiforme- |
| | * | type Drug Reaction |

* * * * * * * * * * * * * * * * * * * * * * * *

Aaron R. Dias, RPWB, LLC, Mount Pleasant, SC, for Petitioner.
Lindsay Corliss, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 10, 2012, Greg McCants ("petitioner") filed a petition pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that, as a result of receiving a Hepatitis B vaccination on May 21, 2010, he suffered a severe erythema multiforme-type drug reaction.

On February 3, 2014, petitioner filed a motion for a dismissal decision and a notice of intent to file a motion for attorneys' fees and costs. In his motion, petitioner states that "[a]n investigation of the facts and science supporting his case has demonstrated … that, at this time, he will be unable to prove that he is entitled to compensation in the Vaccine Program." Petitioner states that it would be unreasonable to proceed further, and that he understands that this decision will result in a judgment against him and will end all of his rights in the Vaccine

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

Program.

To receive compensation under the Vaccine Act, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of AB's vaccinations, or 2) that petitioner suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that petitioner's injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master